UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

NICHOLAS SCOTT CASCARIO
CLAYTON,

    Plaintiff,

v.                                  Case No.  5:24-cv-16-MW/MJF

ERIC SWORD,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff is a former inmate who was released from custody. He has not provided the clerk of the court with his current address. Because Plaintiff failed to comply with two court orders and has failed to prosecute this action, the District Court should dismiss this action without prejudice.

### I. Background

On November 22, 2023, while Plaintiff was detained at the Manatee County Jail, Plaintiff drafted and signed his complaint. Doc. 1 at 3, 4, 10. Although it is unclear when Plaintiff provided the complaint

to jail officials for mailing, on January 16, 2024, the clerk of the court received Plaintiff's complaint. *Id.* at 1.

On January 24, 2024, the undersigned ordered Plaintiff to file a first amended complaint. Doc. 4 at 3. The undersigned also ordered Plaintiff to pay the filing fee or file a properly completed motion for leave to proceed *in forma pauperis*. *Id.* The undersigned imposed a compliance deadline of February 23, 2024, and warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action. *Id.*

On February 12, 2024, the Manatee County Jail returned the undersigned's order of January 24, 2024, because on December 26, 2023, Plaintiff was released from custody. Doc. 5. Plaintiff did not provide jail staff with a forwarding address. *Id.*

Because Plaintiff was released from custody and he was in non-compliance with the undersigned order of January 24, 2024, on February 26, 2024, the undersigned ordered Plaintiff to confirm that he desired prosecute this action. Doc. 6. The undersigned imposed a compliance deadline of March 1, 2024, and again warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action.

On March 18, 2024, jail staff returned the undersigned's order of February 26, 2024, for the same reasons that they returned the undersigned's order of January 16, 2024. Doc. 7.

As of the date of this report and recommendation, Plaintiff has not informed this court of his new mailing address. He also has not complied with the undersigned's orders discussed above.

## II. DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962). Plaintiff has not complied with two court order orders. He has not shown good cause for his failure. Plaintiff has not indicated a continued interest in prosecuting this civil action. Furthermore, Plaintiff has failed to provide the District Court with his current address. Therefore, the District Court lacks a means of

communicating with Plaintiff. Accordingly, dismissal of this civil action is appropriate.

### III. CONCLUSION

Because Plaintiff failed to comply with court orders and has failed to prosecute this action, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice.

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 25th day of March, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to**

**challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**